■ TELMOBILE, INC., Appellant-Respondent, v COUNTY OF NASSAU, Respondent-Appellant. [632 NYS2d 603] —In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated April 26, 1994, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment on its counterclaims.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, Telmobile, Inc. (hereinafter Telmobile) was the successful bidder on a contract to provide certain communications equipment and services to the County of Nassau. In anticipation of the end of the five-year term, the County timely notified Telmobile that it would not exercise its two-year renewal option upon the expiration of the contract on November 30, 1990. Thereafter, Telmobile brought this action against the County, claiming that pursuant to a clause in the contract establishing lease rates for equipment ordered in the fourth and fifth years of the contract, the County had automatically renewed the contract for two years. The County asserted various counterclaims, contending, among other things, that the subject contract clause had not been part of the original bid proposal and that its insertion constituted a material modification, thus making the entire contract void and unenforceable for failing to comply with the applicable competitive bidding statutes, General Municipal Law § 103 and Nassau County Charter § 702.

The plain language of the parties' contract and its various amendments do not support Telmobile's interpretation of the disputed clause as providing for automatic renewal. On the contrary, these documents, as well as the correspondence between the parties, indicate that even during the fourth and fifth years of the contract, the original expiration date of November 30, 1990, was understood to remain in effect.

Based upon our review of the record, we find that the County was not entitled to summary judgment on its counterclaims.

The parties' remaining contentions are without merit. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.